**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Genesis Global Holdco, LLC, et al., <br><br> Debtors.[1] | Case No. 23-10063 (SHL) |
| DIGITAL CURRENCY GROUP, INC., <br><br> Plaintiff, <br><br> - against - <br><br> VINCENT FALCO, STEPHEN H. SOKOLOWSKI, AND CHRISTOPHER H. SOKOLOWSKI <br><br> Defendants. | Adversary Pro. No. 25-01111-SHL |

**[PROPOSED] ORDER PURSUANT TO 11 U.S.C. § 105(a)**
**GRANTING MOTION FOR A PRELIMINARY INJUNCTION**

Upon the motion, dated July 8, 2025 ("**July 8, 2025 Motion**"), of Digital Currency Group, Inc. ("**DCG**"), Plaintiff in the above-captioned adversary proceeding, for an order pursuant to section 105(a) of title 11 of the United States Code and Rule 7065 of the Federal Rules of Bankruptcy Procedure, to enjoin defendants in this adversary proceeding Vincent Falco, Stephen H. Sokolowski and Christopher H. Sokolowski (collectively the "**Creditor Defendants**") from the continued litigation of the causes of action asserted in (i) the amended complaint filed on March 25, 2025 [ECF No. 22] (the "**Sokolowski Complaint**") in the action captioned *Sokolowski v. Digital Currency Group, Inc.*, No. 4:25-cv-00001-PJC (M.D. Pa. 2025); (ii) the complaint filed on May 30, 2025 [ECF No. 1] (the "**Connecticut Complaint**" and,

---

[1] The Wind-Down Debtors in these cases, along with the last four digits of each Wind-Down Debtor's registration number in the applicable jurisdiction, are as follows: Genesis Global Holdco, LLC (8219), Genesis Global Capital, LLC (8564), and Genesis Asia Pacific Pte. Ltd. (2164R).

1

together with the Sokolowski Complaint, the "**Sokolowski Complaints**") in the action captioned *Sokolowski v. Digital Currency Group, Inc.*, No. 3:25-cv-00870 (D. Conn. 2025); and (iii) the complaint filed on May 6, 2025 [ECF No. 1] (the "**Falco Complaint**" and, together with the Sokolowski Complaint, the "**Creditor Complaints**") in the action captioned *Falco v. Digital Currency Group, Inc.*, No. 1:25-cv-03771-DLC (S.D.N.Y. 2025) through and including the date that is seven days after the date on which a final order is entered in the Debtors' pending suits against Plaintiff, including but not limited to the cases captioned *Genesis Global HoldCo, LLC v. Digital Currency Grp., Inc.*, No. 25-cv-733 (D. Del. 2025) and *Genesis Global Capital, LLC v. Digital Currency Grp., Inc. (In re Genesis Global HoldCo, LLC)*, Adv. Pro. No. 25-01097 (Bankr. S.D.N.Y. 2025); and the Court having jurisdiction to decide the July 8, 2025 Motion and to order the relief requested therein under 28 U.S.C. §§ 157(a)-(b) and 1334(b); and there being due and sufficient notice of the July 8, 2025 Motion; and the Court having reviewed the Complaint, the July 8, 2025 Motion, DCG's memorandum of law in support of the July 8, 2025 Motion (the "**July 8, 2025 Memorandum**"), and the declaration in support of the relief requested in the Complaint; all pleadings filed in support of the July 8, 2025 Motion; and all objections filed in opposition or partial opposition to the July 8, 2025 Motion; and upon the record of and representations made at the hearing held by the Court on the July 8, 2025 Motion's request for entry of a preliminary injunction (the "**August [ ], 2025 Hearing**"), the Court having determined that DCG has established good and sufficient legal and factual grounds to enter a preliminary injunction.  Now, therefore, the Court finds and concludes as follows:

    (a)    The Defendants in this adversary proceeding are the Creditor Defendants.

(b)　　The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157(a)-(b) and 1334(b). This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

(c)　　The causes of action asserted in the Creditor Complaints are estate causes of action. Under the terms of the Debtors' plan of reorganization (the "**Plan**"), this Court's order confirming the Plan (the "**Confirmation Order**"), and governing law, the Debtors have exclusive authority to prosecute and/or resolve such claims in accordance with the Plan and Confirmation Order.

(d)　　DCG has demonstrated that the causes of action asserted in the Creditor Complaints are estate causes of action. The Creditor Complaints are predicated on allegations that are substantially similar to the allegations made in support of the Debtors' causes of action, and the causes of action asserted in the Creditor Complaints seek recovery on account of alleged injuries that are general to creditors of the Debtors.

(e)　　DCG has demonstrated that the prosecution of estate causes of action by the Creditor Defendants would defeat or impair this Court's jurisdiction, and irreparably harm the orderly administration of the Debtors' estates and the Plan.

(f)　　The balance of equities and public interest favor entry of the requested injunction.

(g)　　DCG has demonstrated that no security is warranted in connection with this preliminary injunction.

    (h)        Accordingly, this Court finds it appropriate to impose a preliminary injunction as provided herein under section 105(a) of the Bankruptcy Code and Rule 7065 of the Bankruptcy Rules.

    (i)        The legal and factual bases set forth in the Complaint, the July 8, 2025 Motion, and other supporting papers, as well as on the record at the August [ ], 2025 Hearing establish just cause for the relief granted herein.

Based on these findings, it is hereby:

ORDERED, that (i) the Creditor Defendants are prohibited and enjoined from the continued prosecution of the causes of action asserted in the Creditor Complaints and any other cause of action that the Debtors hold exclusive authority to prosecute, through and including the date that is seven days after the date on which a final order is entered in the Debtors' pending suits against Plaintiff, including but not limited to the cases captioned *Genesis Global HoldCo, LLC v. Digital Currency Grp., Inc.*, No. 25-cv-733 (D. Del. June 12, 2025) and *Genesis Global Capital, LLC v. Digital Currency Grp., Inc. (In re Genesis Global HoldCo, LLC)*, Adv. Pro. No. 25-01097 (Bankr. S.D.N.Y. May 19, 2025).

ORDERED, that DCG need not give security in connection with this injunctive relief.

ORDERED, that this Order shall be promptly filed in the Clerk's Office and entered into the record.

ORDERED, that DCG is authorized to take all steps necessary or appropriate to carry out this Order.

ORDERED, that the time for all defendants to answer the Complaint is extended to a date to be set by further order of the Court. All claims and defenses of the parties, including those

4

under Rule 12 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rule 7012 of the Bankruptcy Rules, are expressly preserved.

ORDERED, that the Pre-Trial Conference in this adversary proceeding is hereby adjourned.  The Court will, by further order, set the date and time of the Pre-Trial Conference.

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


Dated: _____, 2025
       White Plains, New York

                                                _____
                                                THE HONORABLE SEAN H. LANE
                                                UNITED STATES BANKRUPTCY JUDGE