Hearing Date:    August 15, 2025 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: August 8, 2025 at 4:00 p.m. (Prevailing Eastern Time)

STEPHEN H. SOKOLOWSKI
3178 Carnegie Dr
State College, PA 16803
Telephone: 814-600-9800
Email: steve@shoemakervillage.org
*Pro Se Interested Party*

CHRISTOPHER H. SOKOLOWSKI
3178 Carnegie Dr
State College, PA 16803
Telephone: 814-600-9804
Email: chris@shoemakervillage.org
*Pro Se Interested Party*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re:                                      | Chapter 11                  |
|---------------------------------------------|-----------------------------|
| Genesis Global Holdco, LLC, et al.,         | Case No. 23-10063 (SHL)     |
| Debtors[1]                                  | Jointly Administered        |

**LIMITED RESPONSE AND STATEMENT OF NEUTRAL POSITION REGARDING DEBTORS' MOTION TO ENFORCE, WITH REQUEST FOR TARGETED PROCEDURAL RELIEF AND RESERVATION OF RIGHTS**

Stephen H. Sokolowski and Christopher H. Sokolowski (together, the "Sokolowskis"), defendants in *Digital Currency Group, Inc. v. Falco, et al.*, Adv. Proc. No. 25-01111 (SHL) (hereafter the "Adversary Proceeding"), respectfully file this limited response to (i) state their

---

[1] The Wind-Down Debtors in these cases, along with the last four digits of each Wind-Down Debtor's registration number in the applicable jurisdiction, are as follows: Genesis Global Holdco, LLC (8219), Genesis Global Capital, LLC (8564), and Genesis Asia Pacific Pte. Ltd. (2164R)

1

neutral position on the *Debtors' Motion to Enforce the Plan Against Digital Currency Group, Inc.* (ECF No. 2180, hereafter the "Motion"), (ii) request limited procedural guardrails, and (iii) reserve all rights pending the currently scheduled Sept. 12, 2025 hearing in the Adversary Proceeding on Digital Currency Group, Inc. ("DCG")'s *Motion for A Preliminary Injunction* (Adversary Proceeding, ECF No. 2).

**FACTUAL CLARIFICATIONS**

1.  For the Court's awareness, the Sokolowskis filed their action in the District of Connecticut (*Sokolowski et al v. Digital Currency Group, Inc. et al*, No. 3:25-cv-00870-VAB (D. Conn. May 30, 2025), hereafter the "Conn. Action") protectively due to Connecticut's looming statute of repose, and in response to DCG's defense of lack of personal jurisdiction in the Sokolowskis' primary action in the Middle District of Pennsylvania (*Sokolowski et al v. Digital Currency Group, Inc. et al*, No. 4:25-cv-00001-KM-PJC (M.D. Pa. Jan. 2, 2025), hereafter the "Pa. Action"). The Conn. Action is subject to a pending motion filed by the Sokolowskis to stay all proceedings, including any answer and discovery, pending final resolution of the first-filed Pa. Action. (Conn. Action, ECF No. 2). The Sokolowskis have stated that they "believe the [Middle District of Pennsylvania] court has the ability to adjudicate the matter on its merits," that they "do not desire to burden the [Connecticut] Court or the Defendants," and that "in the event the [Pa. Action] results in a final decision on the merits of Plaintiffs' claims, Plaintiffs will immediately file a Fed. R. Civ. P. 41(a) Notice of Voluntary Dismissal" in the Conn. Action. (Conn. Action, ECF. No. 1, ¶ 5). On July 29, 2025, DCG and co-defendant Barry E. Silbert filed a brief in the Conn. Action stating that they do not intend to oppose the requested stay (Conn. Action, ECF No. 20, at 2). The remaining defendant, Soichiro "Michael" Moro, has also stated

that he does not intend to oppose the requested stay (Conn. Action, ECF No. 26, at 2). The stay motion remains pending.

2. Filings by both the Wind-Down Debtors and DCG refer to the Pa. Action and Conn. Action as "creditor complaints" or "creditor actions" and to the Sokolowskis themselves as "creditors" (see e.g. ECF Nos. 2180, 2213; Adversary Proceeding ECF Nos. 1, 2, 4). For the avoidance of doubt, the Sokolowskis are *not* creditors in the Genesis bankruptcy case, and their complaints assert *individual, non-debtor claims*. Nothing in the instant Notice asks the Court to adjudicate the characterization of those claims.

**STATEMENT OF POSITION**

3. The Sokolowskis take no position on DCG's standing or the Wind Down Debtors' exclusivity to invoke the Plan/Confirmation Order. As parties in interest, the Sokolowskis file the instant Notice to be heard on case-management issues that directly affect them. See 11 U.S.C. § 1109(b) (parties in interest "may raise and may appear and be heard on any issue in a case under this chapter"); *Term Loan Holder Comm. v. Ozer Grp., L.L.C. (In re Caldor Corp.)*, 303 F.3d 161, 169–70 (2d Cir. 2002) (recognizing breadth of § 1109(b)).

4. DCG's August 8, 2025 opposition to the Motion (ECF Nos. 2213, 2214) relies on selective excerpts of pre-filing communications between counsels for DCG and the Wind-Down Debtors. The Sokolowskis have not been provided the complete threads (including all recipients, attachments, and metadata) and therefore cannot endorse any party's characterization. The Sokolowskis respectfully request that the Court resolve the Motion by reference to the Plan and Confirmation Order and decline to place weight on counsel-to-counsel communications presented in snippet form by either side. This request is made solely for purposes of the Motion

3

and is without prejudice to any party's right to seek, obtain, or use such communications in later proceedings, subject to applicable privileges and protective orders.

5. Alternatively, if the Court deems such communications material to any waiver, estoppel, or case management issue, the Sokolowskis ask that the Court direct both DCG and the Wind-Down Debtors to lodge, under seal and for *in camera* review, the complete, unredacted communication chains (including all attachments and native-time metadata) together with a privilege/work-product log sufficient to permit the Court's review, and that no ruling be premised on any excerpt absent that complete record. See Fed. R. Evid. 106; *United States v. Zolin*, 491 U.S. 554, 570–72 (1989) (threshold showing permits *in camera* review; review is discretionary); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (Court's inherent docket-control authority).

6. Whatever the outcome of the hearing on the Motion, the Sokolowskis respectfully request that any ruling explicitly state that it does not adjudicate, on this motion or on this record, (i) whether their Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 Pa. Stat. Ann. §§ 201-1, et seq. (West 2024), hereafter "UTPCPL") claim is direct or derivative for Plan purposes, or (ii) any issue concerning their separate stay-pending Conn. Action. This Court retains jurisdiction to interpret and enforce its own orders, see, e.g., *In re Petrie Retail, Inc.*, 304 F.3d 223, 230 (2d Cir. 2002), but, as a matter of judicial prudence, any plan-scope characterization of the Pa. UTPCPL claim should be addressed—if at all—on a targeted record and briefing that squarely presents that question.

7. The Sokolowskis reserve all rights and defenses in the Adversary Proceeding, including to (a) move to dismiss or seek judgment on the pleadings with respect to DCG's request to enjoin their Pa. UTPCPL claim, on the grounds that, as pleaded, it is a direct consumer claim owned by the Sokolowskis and not property of the Estate under 11 U.S.C. § 541 (and,

4

post-confirmation, not property vested in the Wind-Down Debtors under the Plan), (b) oppose any preliminary injunction, (c) request that issues concerning the stay-pending Conn. Action be deferred, (d) request in-camera submission of any communications relied upon by any party, (e) answer with all appropriate defenses; and (f) seek joinder of additional persons under Fed. R. Bankr. P. 7019/7020 (and related relief under Rules 7014 and 7024) if the Court later reaches issues whose adjudication would affect the claimed interests of any absent person, including, without limitation, any person asserting that the Pa. UTPCPL claim is property of the Wind-Down Debtors or otherwise retained property or enjoined by the Plan; all without prejudice to jury, Article III, personal jurisdiction, venue, and withdrawal-of-reference rights.

8.  For avoidance of doubt, the Sokolowskis do not consent to the entry of final orders or judgment by the Bankruptcy Court on any non-core matter and fully preserve all jury trial rights. See Fed. R. Bankr. P. 7012(b) (consent statement requirement).

9.  If the Adversary Proceeding remains open, the Court can resolve the threshold plan-scope question on a short, law-only record limited to the Pa. Action (including attached or incorporated exhibits), the Plan, and the Confirmation Order; doing so will likely moot any preliminary-injunction proceedings and avoid duplicative briefing. The Sokolowskis will proceed on whatever schedule the Court sets. If any party proffers extra-record materials, the Sokolowskis reserve the right to seek proportionate, narrowly tailored discovery matched to those materials.

10. In exercising its inherent authority, the Court may, if helpful, defer all issues concerning the stayed Conn. Action unless and until that action is revived.

**CONCLUSION**

The Sokolowskis respectfully request that the Court:

(i) Note their neutral posture on the Motion and preserve all reservations, including non-consent and jury rights.

(ii) Decide the Motion by reference to the Plan and Confirmation Order, and disregard attorney communications unless the Court first reviews complete, unredacted threads from both sides *in camera*.

(iii) State that no ruling today adjudicates the plan-scope characterization of the Sokolowskis' Pa. UTPCPL claim or any issue concerning their stay-pending Conn. Action.

(iv) To the extent the Adversary Proceeding remains open, adopt the case-management framework outlined in ¶¶ 9–10, supra: hold the preliminary-injunction motion in abeyance; set a single law-only briefing limited to the Pa. Action (including exhibits, the Plan, and the Confirmation Order); defer all issues concerning the stayed Conn. Action unless and until that action is revived; and *only if* the Court intends to decide any plan-scope issue affecting an absent person's claimed interests in the Adversary Proceeding, first provide notice and an opportunity to be heard and allow intervention/joinder as appropriate there (Fed. R. Bankr. P. 7024, 7019/7020).

Dated: August 11, 2025

Respectfully submitted,

/s/ Stephen H. Sokolowski
Stephen H. Sokolowski, Pro Se
3178 Carnegie Drive
State College, PA 16803
814 600-9800
steve@shoemakervillage.org
*Pro Se Interested Party*

/s/ Christopher H. Sokolowski
Christopher H. Sokolowski, Pro Se
3178 Carnegie Drive
State College, PA 16803
814 600-9804
chris@shoemakervillage.org
*Pro Se Interested Party*